Anna Y. Park, CA 164242
Michael J. Farrell, CA 266553
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 29 2010

at___ o'clock and 46 min. am M.
SUE BEITIA, CLERK

Gregory L. McClinton, CA 153553
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Suite 7-127
Honolulu, Hawaii 96850
Telephone: (808)541-3122
Facsimile: (808)541-3390
Email: Gregory.McClinton@eeoc.gov

Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> KINTETSU INTERNATIONAL EXPRESS (USA), INC., and DOES 1 – 10, Inclusive, <br><br> Defendants. | CIV10  00560 DAE BMK <br><br> **COMPLAINT-CIVIL RIGHTS; EMPLOYMENT DISCRIMINATION; SUMMONS** <br> (42 U.S.C. §§ 2000e, et seq. and 12117) <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with

Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to

-1-

correct unlawful employment practices on the basis of disability and retaliation and to provide appropriate relief to Yuko Lesher and Nozomi Hoshi, the Charging Parties, who were adversely affected by such practices.  As alleged with greater particularity in Paragraphs 11 – 21 below, Plaintiff U.S. Equal Employment Opportunity Commission  ("EEOC" or the "Commission) alleges that Defendant Kintetsu International Express (USA), Inc. and Defendants DOES 1 – 10, Inclusive (collectively referred to herein as "Defendants") subjected Yuko Lesher ("Lesher") to a hostile work environment based on her disability in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112.  Moreover, EEOC also alleges that Defendants violated the ADA when they subjected Lesher to an unfavorable performance evaluation because of her disability.  In addition, EEOC alleges that Defendants retaliated against both Lesher and Nozomi Hoshi ("Hoshi") when they subjected them to adverse terms and conditions of employment and unfavorable performance evaluations for having engaged in federally protected activities in violation of Section 503 of the ADA, 42 U.S.C. §12203.  EEOC also alleges that the unlawful harassment and retaliation rendered the working conditions of Lesher and Hoshi so intolerable that they were forced to resign from their positions, i.e., they were constructively discharged.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,

1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

3.      Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant has continuously been a California corporations doing business in Honolulu, Hawaii, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of § 101(5) of the

ADA, 42 U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7),

which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§

701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant has been a covered entity under

§ 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.     All of the acts and failures to act alleged herein were duly performed

by and attributable to all Defendants, including Defendants DOES 1 to 10, each

acting as a successor, agent, alter ego, employee, indirect employer, joint

employer, integrated enterprise and/or or under the direction and control of the

others, except as specifically alleged otherwise.  Said acts and failures to act were

within the scope of such agency and/or employment, and each Defendant

participated in, approved and/or ratified the unlawful acts and omissions by the

other Defendants complained of herein.  Whenever and wherever reference is made

in this Complaint to any act by a Defendant or Defendants, such allegations and

reference shall also be deemed to mean the acts and failures to act of each

Defendant acting individually, jointly, and/or severally.

8.     Plaintiff is ignorant of the true names and capacities of each

Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff

Commission sues said defendant(s) by fictitious names.  Plaintiff reserves the right

to amend the complaint to name each DOE defendant individually or collectively

as they become known.  Plaintiff alleges that each DOE defendant was in some

manner responsible for the acts and omissions alleged herein and Plaintiff will

amend the complaint to allege such responsibility when the same shall have been

ascertained by Plaintiff.

## CONDITIONS PRECEDENT

9.    More than thirty (30) days prior to the institution of this lawsuit,

Lesher and Hoshi filed charges of discrimination with the Commission alleging

that Defendants violated the ADA.

10.    Prior to the institution of this lawsuit, the Commission issued Letters

of Determination to Defendants finding reasonable cause to believe that Lesher

was harassed because of her disability and that Lesher and Hoshi were retaliated

against in retaliation for engaging in protected activities.

11.    Prior to the institution of this lawsuit, the Commission's

representatives attempted to eliminate the unlawful employment practices alleged

below and to effectuate Defendants' voluntary compliance with the ADA through

informal methods of conciliation, conference, and persuasion.

12.    Prior to the institution of this lawsuit, all conditions precedent were

satisfied.

## STATEMENT OF CLAIMS

13.    Yuko Lesher is disabled within the meaning of the ADA due to

having an actual impairment, malignant rheumatoid arthritis.  Due to this physical

impairment, Lesher has been substantially limited in several major life activities,

including walking and bending.

14.    In or about April of 2005, Defendant hired Lesher as a Tour

Coordinator at its Hotel Westin, Maui, Hawaii facility.  Lesher was able to

perform all of the essential functions of that position which included sitting at the

concierge desk, giving information about the Westin to hotel guests and selling

optional tours.

15.    From at least April 2006 of her employment through to her

constructive discharge in December of 2006, Lesher's immediate supervisor

subjected her to unwelcome verbal harassment based on her disability that was

sufficiently severe and pervasive to alter the terms and conditions of her

employment and create a hostile, abusive and humiliating work environment.  The

harassment included the supervisor frequently making disparaging, disability-

based remarks including, but not limited to, "if you cannot walk straight you will

not be allowed to work at the hotel," "you walk with a terrible limp," "you are a

liability and cannot ride the shuttle bus or work at the hotel," "that limp looks

really bad," "because of the way you walk you create a bad atmosphere in the

office and no one wants you here," and "you are selfish for making other people

have to watch you limp."

16.     In or about August and September of 2006, Lesher took a medical leave of absence from work in order to have a surgery necessitated by her disability.

17.     In or about October and November of 2006, Lesher complained of the harassment to Defendants' Human Resources Department and Defendants' Vice President.  However, Defendants failed to take prompt, effective remedial action and the harassment continued.

18.     Defendants retaliated against Lesher for exercising her right to take a leave necessitated by her disability and also for opposing the unlawful, disability-based harassment by subjecting her to adverse terms and conditions of employment and giving her an unfavorable performance evaluation.

19.     Defendants also subjected Lesher to unlawful discrimination when they subjected her to an unfavorable performance evaluation because of her disability.

20.     The unlawful harassment, discrimination and retaliation rendered Lesher's working conditions so intolerable that she was forced to resign from her position as a Tour Coordinator on December 7, 2006.

21.     Defendants hired Nozomi Hoshi to work as a Tour Coordinator at their Westin hotel Maui, Hawaii facility in 2002.

22.     In or about November of 2006 Hoshi complained to Defendants'

Vice President regarding the unlawful, disability-based harassment Lesher's supervisor was subjecting Lesher to.

23.     Defendants retaliated against Hoshi opposing the unlawful, disability-based harassment by subjecting her to adverse terms and conditions of employment and giving her an unfavorable performance evaluation.

24.     The unlawful retaliation rendered Hoshi's working conditions so intolerable that she was forced to resign in September of 2007.

25.     The effect of the practices complained of in paragraphs 13 through 24 have been to deprive Lesher and Hoshi of equal employment opportunities.

23.     The unlawful employment practices in paragraphs 13 through 24 above were intentional.

24.     The unlawful employment practices complained of above were done with malice or with reckless indifference to Lesher's and Hoshi's federally protected rights.

## **PRAYER FOR RELIEF**

The Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of disability.

B.     Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of §§ 102(a) and 503(a) and (b), 42 U.S.C. § 12112(a) and 42 U.S.C. §§12203(a) and (b).

C.     Order Defendants to make whole Lesher by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D.     Order Defendants to make Lesher and Hoshi whole by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered by them which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E.     Order Defendants to make Lesher and Hoshi whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.  The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F.     Order Defendants to pay Lesher and Hoshi punitive damages for their malicious and/or reckless conduct as described in Paragraphs 13-24 above in an amount to be determined at trial.

F.      Award the Commission its costs of this action.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, NE.
Washington, D.C. 20507

Dated: September 29, 2010

ANNA Y. PARK
Regional Attorney
MICHAEL FARRELL
Supervisory Trial Attorney
GREGORY MCCLINTON
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION