Anna Y. Park, CA SBN 164242
Amrita Mallik, CA SBN 249152
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Barbara A. Petrus     3238-0
Anne T. Horiuchi      7116-0
GOODSILL ANDERSON QUINN & STIFEL
A Limited Liability Law Partnership LLP
1099 Alakea Street
Suite 1800
Honolulu, HI 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
KINTETSU INTERNATIONAL
EXPRESS (USA), INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 20 2013
at 7 o'clock and 50 min. A.M.
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>KINTETSU INTERNATIONAL EXPRESS (USA), INC., and DOES 1 – 10, Inclusive,<br><br>Defendant(s). | Case No.: 10-CV-00560-BMK<br><br>[~~PROPOSED~~] CONSENT DECREE; ORDER; ATTACHMENT A |

1

# I.
# INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") and Defendant Kintetsu International Express (USA), Inc. (referred to herein as "Kintetsu" or "Defendant") agree to the entry of this Consent Decree to resolve the EEOC's Complaint, filed under Title I of the Americans with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991. The EEOC's Complaint alleges that Charging Party Yuko Lesher was subjected to a hostile work environment based on her disability in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112. The Commission's Complaint further alleges that Charging Parties Yuko Lesher and Nozomi Hoshi were retaliated against after complaining about the disability-based harassment to Defendant's management, in violation of Section 503 of the ADA, 42 U.S.C. § 12203.

# II.
# PURPOSES AND SCOPE OF THE CONSENT DECREE

A. The Parties to this Consent Decree ("Decree") are the EEOC and Defendant. This Decree shall be binding on and enforceable against Defendant and its officers, directors, agents, successors, and assigns.

B. The Parties have entered into the Decree for the following purposes:

1. To provide appropriate monetary and injunctive relief;

2. To ensure that Defendant's employment practices comply with federal law;

3. To ensure a work environment free from disability-based harassment and retaliation subsequent to any complaint of such harassment;

4. To ensure training for Defendant's managers and employees with respect to the law against disability-based discrimination, harassment and any subsequent retaliation;

5. To provide an appropriate and effective mechanism for handling complaints of disability-based discrimination, harassment and/or retaliation in the workplace; and

6. To avoid expensive and protracted costs incident to this litigation.

C. Defendant's entry into and performance of the terms and conditions of this Consent Decree is not and shall not in any way be construed as an admission by Defendant of any violation of the ADA as alleged in the EEOC's Complaint.

## III.
## RELEASE OF CLAIMS

A. This Decree fully and completely resolves between Defendant and the EEOC all claims that are raised by the EEOC against Defendant in the Complaint filed in the United States District Court, District of Hawaii on September 29, 2010, captioned <u>U.S. Equal Employment Opportunity Commission v. Kintetsu International Express (USA), Inc., et al.</u>, Case No. 10-CV-00560-DAE-BMK, (the "Complaint").

B. Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained here.

C. Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with the ADA or any other federal employment statute.

D. This Decree in no way affects the EEOC's right to bring, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

## IV.
## EFFECTIVE DATE, DURATION AND GEOGRAPHIC SCOPE OF DECREE

A. The provisions and agreements contained here are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B. Except as otherwise provided here, the Decree shall remain in effect for three (3) years after the Effective Date.

C. The Decree shall apply only to Defendant's operations in Hawaii, specifically its offices on the islands of Oahu and Maui, its tour desk operations at the Honolulu International Airport, and its operations at various Waikiki hotels.

## V.
## MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained here. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect, unless the purposes of the Decree cannot be achieved despite the Parties' reasonable efforts.

C. By mutual agreement of the Parties, this Decree may be amended or modified in writing in the interests of justice and fairness to effectuate the provisions of this Decree.

## VI.
## JURISDICTION

A. This Court has jurisdiction over the Parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable, and just. This Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person.

B. The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of monitoring and entering all orders, judgments, and decrees that may be necessary to implement the relief provided here.

## VII.
## COMPLIANCE AND DISPUTE RESOLUTION

A. The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may petition or may bring an action before this Court to enforce the Decree. Prior to initiating such petition or action, the EEOC will notify Defendant's legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes has / have been breached. Absent a showing by either party that the delay will cause irreparable harm, Defendant shall have thirty (30) days from receipt of EEOC's notice of the alleged breach to attempt to resolve or cure the breach.

B. The Parties agree to cooperate with each other and use their reasonable efforts to resolve any dispute referenced in the EEOC notice.

C. After thirty days have passed with no resolution or agreement to extend the time further, the EEOC may petition or bring an action before this Court for compliance with this Decree. The EEOC may seek all available relief,

including, but not limited to, an extension of the terms of the Decree for such period of time as the Defendant is shown to be in breach of the Decree.

## VIII.
## MONETARY RELIEF

A. In settlement of all monetary claims asserted in EEOC's Complaint, the Defendant shall pay a total of seventy-seven thousand and five hundred dollars ($77,500.00). Allocation of settlement monetary amounts for each Charging Party in this case shall be at the sole discretion of the EEOC.

B. The EEOC has provided a list identifying the Charging Parties, their current addresses, the amounts to be paid to each Charging Party, the classification of such amounts to be paid and relevant identifying information, (hereafter "Distribution List"). Within thirty (30) days of the Effective Date, the Defendant shall send checks to each of the Charging Parties via certified mail, return receipt requested, cashier checks or money orders.

C. As appropriate, Defendant agrees to issue an IRS Form W-2 to each Charging Party for all monies, if any, paid to them as lost wages. As appropriate, Defendant agrees to issue an IRS Form 1099 to each Charging Party for all monies, if any, paid to them as compensatory damages. Defendant shall also make all appropriate reports to the Internal Revenue Service and other tax authorities. Defendant shall be solely responsible for any costs associated with the issuance and distribution of tax reporting forms to the Charging Parties.

D. Within ten (10) business days of the issuance of the settlement cashier checks or money orders to the Charging Parties, and within ten (10) business days of Defendant's issuance of W-2 form(s) and 1099 form(s) that are sent to Charging Parties, Defendant shall submit a copy of each check and each tax-related correspondence to Anna Park, EEOC Regional Attorney at the office address on the caption page of this Decree.

## IX.

## GENERAL INJUNCTIVE RELIEF

A. <u>Discrimination Based on Disability</u>

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from: (a) harassing or tolerating harassment against persons on the basis of disability; (b) engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of harassing or intimidating any employee on the basis of disability; and (c) creating, facilitating or permitting the existence of a work environment that is hostile to employees with disabilities.

B. <u>Retaliation</u>

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendant, or either of them, because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under the ADA; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Defendant), proceeding in connection with this case and/or relating to any claim of a violation of the ADA; (d) was identified as a possible witness or Charging Party in this action; (e) asserted any rights under this Decree; or (f) sought or received any relief in accordance with this Decree.

## X.
## SPECIFIC INJUNCTIVE RELIEF

A.  Posting of Notice

Within thirty (30) days after the Effective Date and throughout the term of this Decree, Defendant shall post a full-sized copy of the Notice, attached to the Decree as Attachment A, in the lunch room at Defendant's main office on Oahu (currently located in the Waikiki Business Plaza) during the term of the Decree. With respect to Defendant's operations on any island other than Oahu (the "neighbor islands"), a copy of the Notice shall either be: (1) posted in a clearly visible location frequented by employees (i.e., break rooms or bulletin boards with other employee notices) in each of its neighbor island facilities, or (2) distributed personally to each employee working for Defendant on the neighbor islands.

B.  Equal Employment Opportunity Consultant

1.  Defendant has retained Linda Kreis as an Equal Employment Opportunity Consultant ("Monitor" or "Consultant") to monitor Defendant's compliance with the ADA and the provisions of this Decree. Defendant shall bear all costs associated with the retention of the Monitor and the performance of the Monitor's duties. The Monitor's responsibilities shall include:

a.  Ensuring that Defendant's disability-based discrimination, harassment, and retaliation policies and complaint procedures comply with its obligations under this Decree;

b.  Ensuring that Defendant is creating, applying and implementing its policy or policies against disability-based discrimination, harassment, and retaliation and procedures handling complaints of disability-based discrimination, harassment, and retaliation to more effectively carry out its obligations under this Decree;

c.  Ensuring that Defendant trains its managerial and staff/hourly employees on their rights and responsibilities under the ADA,

including but not limited to the responsibilities to provide a workplace free of disability-based discrimination, harassment, and retaliation;

  d. Ensuring that Defendant trains all employees on policies and procedures relating to disability-based discrimination/harassment and retaliation and ensuring that all of Defendant's managerial and human resources employees are trained on policies and procedures relating to disability-based discrimination, harassment, and retaliation;

  e. Ensuring that Defendant monitors and assures the adequate investigation of all complaints of disability-based discrimination, harassment, and/or retaliation;

  f. Ensuring that Defendant is properly communicating with complainants regarding the complaint procedure, status of the complaint/investigation, results of the investigation, and any remedial action taken;

  g. Ensuring that Defendant's reports required by this Decree are accurately compiled and timely submitted;

  h. Ensuring that Defendant creates appropriate and consistent disciplinary policies to hold employees and managers accountable for failing to take appropriate action and/or for engaging in conduct prohibited under this Decree;

  i. Ensuring that Defendant creates a centralized system of tracking disability-based discrimination, harassment, and retaliation complaints;

  j. Ensuring that Defendant designates and trains an internal ADA Coordinator, Human Resources personnel and/or other manager(s) to receive and process all disability-based discrimination, harassment, and retaliation complaints ; and

  k. Further ensuring compliance with the terms of this Decree.

### C. Revision of Anti-Harassment Policy and Complaint Procedure for Disability-Based Discrimination, Harassment and Retaliation

1. Within ninety (90) days of the Effective Date, Defendant, with notice to its Consultant, shall implement a written employment policy against, and complaint procedure for, disability-based discrimination, harassment, and retaliation. The policy and complaint procedure shall include:

   a. a clear explanation of prohibited conduct regarding disability-based discrimination, harassment, and retaliation;

   b. assurance that employees who make complaints of disability-based discrimination and harassment or provide information related to such complaints will be protected from retaliation;

   c. a clearly described complaint process for disability-based discrimination, harassment, and retaliation that provides accessible avenues of complaint against co-workers, including the complainant's supervisors, that allows for complaints to be initiated verbally, although it may require that the substance of the complaint be recorded later in writing;

   d. assurance that Defendant will protect the confidentiality of discrimination complaints to the extent possible from being disclosed to those who do not need to know;

   e. a complaint process that provides a prompt, thorough, and impartial investigation;

   f. a requirement that any employee in a supervisory position who receives a complaint of harassment, whether formal or informal, written or verbal, report such complaint to the human resources department within 24 hours of receiving said complaint;

g. assurance that Defendant's disciplinary policies hold employees, managers, supervisors and human resources accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

h. a procedure for communicating with the complainant in writing regarding the status of the complaint / investigation, results of the investigation, and if any remedial action was taken; and

i. assurance that Defendant will take immediate and appropriate corrective action when it determines that disability-based discrimination, harassment or any subsequent retaliation has occurred.

D. <u>Performance Evaluations</u>

Defendant shall hold its managers, supervisors, and human resources personnel accountable for engaging in disability-based discrimination, harassment, and/or retaliation; or for failing to comply with Defendant's policy against and complaint procedures for disability-based discrimination, harassment and retaliation. Within one hundred eighty (180) days of the Effective Date of this Decree, Defendant shall revise its performance evaluation forms for managers and supervisors in order to include as measures for performance compliance with Defendant's policy against and complaint procedures for disability-based discrimination, harassment, and retaliation.

E. <u>Distribution of Defendant's Policies Against and Complaint Procedures for Disability-Based Discrimination and Retaliation</u>

1. Within one hundred twenty (120) days of the Effective Date, Defendant shall post for the duration of the Decree a full-sized copy of its policy against and complaint procedure for disability-based discrimination, harassment, and retaliation. The posting shall be in the lunch room at Defendant's main office on Oahu (currently located in the Waikiki Business Plaza) during the term of the Decree. With respect to Defendant's operations on the neighbor islands, a copy of the policy shall either be: (1) posted in a clearly visible location frequented by

11

employees (i.e., break rooms or bulletin boards with other employee notices) in each of its neighbor island facilities, or (2) distributed personally to each employee working for Defendant on the neighbor islands.

2. Within one hundred twenty (120) days of the Effective Date, Defendant shall distribute its policy against and complaint procedure for disability-based discrimination, harassment, and retaliation to all of its current employees.

3. For the remainder of the term of this Decree, all new employees hired shall receive within sixty (60) days of hire Defendant's policy against and complaint procedure for disability-based discrimination, harassment, and retaliation; and shall be provided with an in-person overview of the policy and procedures with a member of Defendant's human resources department.

4. For the remainder of the term of this Decree, all employees promoted from non-managerial to managerial positions shall receive within sixty (60) days of promotion any policies and procedures of Defendant's against and about disability-based discrimination, harassment, and retaliation applicable to managerial employees; and shall be provided with an in-person overview of the policy and procedures with a member of Defendant's human resources department.

F. Training

1. Within one hundred twenty (120) days after the Effective Date, the Defendant, with the assistance and/or oversight of the Monitor, shall provide live, in-person training(s) of at least 4 hours in duration about its policy against and complaint procedure for disability-based discrimination, harassment, and retaliation to its managerial and human resources employees. Within that same time frame, Defendant shall provide a separate training of at least 2 hours in duration for its non-managerial staff/hourly employees. All training may be conducted in English, but a Japanese translator will be available to translate all or portions of the training sessions when needed.

2.  The training of managerial employees shall additionally include training on how to receive, investigate, or report to designated officials complaints of disability-based discrimination, harassment, and retaliation; and how to take preventive and corrective measures against disability-based discrimination, harassment and any subsequent retaliation.

3.  After the initial trainings described in Paragraph 1 of this subsection, Defendant shall subsequently conduct a second training on EEO laws, obligations of managers and supervisors on EEO compliance, its policy against and complaint procedure for disability-based discrimination, harassment, and retaliation for its managerial employees and separate refresher training for its employees within one (1) year of the date of the initial trainings.

4.  For any employees who miss the scheduled training described in this section, the Defendant shall show a videotape of the scheduled training to these employees within thirty (30) days of the scheduled training.

5.  All employees required to attend such training shall verify their annual attendance in writing.

G.  Neutral Job Reference

1.  Defendant shall provide a neutral reference for each Charging Party confirming her dates of employment on Defendant's company letterhead. This neutral reference shall be mailed to each Charging Party within twenty-one (21) days of the Effective Date of this Decree.

## XI.
## RECORD KEEPING AND REPORTING

A.  Record Keeping

The Defendant shall work with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of complaints about disability-based discrimination, harassment, and retaliation. The records to be maintained shall include:

1. All documents generated in connection with any complaint, investigation into, or resolution of every complaint of disability-based discrimination, harassment, and a retaliation for the duration of the Decree and the identities of the parties involved;

2. All forms acknowledging each employee's receipt of Defendant's revised policy and complaint procedure against disability-based discrimination, harassment, and retaliation; and

3. A list of the dates of the training required under this Decree that shows the names and positions of all attendees for each one.

4. The Defendant shall provide to the Commission upon request all documents generated in connection with any ADA complaints, investigations, and resolutions. The Commission shall give Defendant one hundred twenty (120) days' notice of any request for documents pursuant to this paragraph.

B. <u>Reporting</u>

The Defendant shall provide the following reports to the Commission in writing, by mail, electronic mail or by facsimile:

1. Within one hundred twenty (120) days after the Effective Date and semi-annually thereafter for the term of the Decree, the Defendant shall submit to the Commission the following:

    a. verification that the Notice (Attachment A) has been posted in compliance with the Consent Decree;

    b. its policy against and complaint procedure for disability-based discrimination, harassment, and retaliation after consultation with the Monitor in compliance with the Consent Decree;

    c. verification that its current or revised policy and complaint procedure for disability-based discrimination, harassment, and retaliation have been posted in compliance with the Consent Decree;

d. verification of the distribution to Defendant's employees of its policy against and complaint procedure for disability-based discrimination, harassment, and retaliation in compliance with the Consent Decree, and the employees' acknowledgments of the receipt of the policy and complaint procedure;

e. a copy of Defendant's training materials and schedule of training;

f. verification that all applicable managerial and non-managerial employees have been trained in compliance with the Consent Decree;

g. the signed acknowledgments of the employees who have been trained in compliance with the Consent Decree;

i. verification that a record keeping system has been established for the tracking of disability-based discrimination, harassment complaints, the employees' acknowledgment of the receipt of Defendant's policy and complaint procedure for disability-based discrimination, harassment, and retaliation, and for the attendance / completion of all of its employees in training concerning its policy against and complaint procedure for disability-based discrimination, harassment, and/or retaliation in compliance with the Consent Decree; and

j. a summary report of their investigation into any complaint about disability-based discrimination, harassment, and/or retaliation for complaining about disability-based discrimination and/or harassment. The investigation report shall include the following for each complaint during the reporting period:

    (1) the name and title of the complaining party(ies);

    (2) the date of the complaint;

15

(3) the name and title of the alleged harasser(s)/offender(s);

(4) the name and title of the person(s) who conducted the investigation into the complaint;

(5) the nature of the complaint (i.e. comments, acts, etc.)

(6) the date of the commencement and completion of the investigation;

(7) a brief description of the investigation (i.e. number of persons interviewed, materials reviewed);

(8) the outcome of the investigation and any action taken; and

(9) whether previous disability-based discrimination and/or harassment complaints had been made regarding the alleged harasser(s)/offender(s). If so, the report should also include the outcome of the prior investigations.

2. All reports under this Paragraph shall be directed to: U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

## XII.
## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF THE CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree, including the costs of the Monitor.

## XIII.
## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIV.
## MISCELLANEOUS PROVISIONS

A. During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest or prospective purchaser with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B. During the term of this Consent Decree, Defendant and its successors shall assure that each of its affiliates, officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C. Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA. 90012.

D. The parties agree to entry of this Decree and judgment subject to final approval by this Court.

//

All parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

Dated:                          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

ANNA Y. PARK
AMRITA MALLIK

By: _____
Anna Y. Park
Regional Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated:                          **DEFENDANT KINTETSU INTERNATIONAL EXPRESS (USA), INC.**

GOODSILL ANDERSON QUINN & STIFEL
Barbara A. Petrus
Anne T. Horiuchi

By: _____
Barbara A. Petrus
Attorney for Defendant Kintetsu International Express (USA), Inc.

18

## [PROPOSED] ORDER

GOOD CAUSE APPEARING,

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

IT IS SO ORDERED.

Date: 2.19.2013

By: _____
THE HON. BARRY M. KURREN
United States Magistrate Judge

19